IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL HARKINS,

       **Plaintiff,**

vs.                                          No. CIV 01-0293 JHG/RLP

**ELITE OUTFITTERS, INC.,**
a New Mexico Corporation, and
**BRIAN NEWEL and JOHNNY
HUGHES,**

       **Defendants.**

## MEMORANDUM OPINION

**THIS MATTER** is before the Court on Defendants' Motion for Partial Summary Judgment on the Issue of Punitive Damages, filed January 23, 2002 **[Doc. No. 33]**. Pursuant to Fed.R.Civ P. 56, Defendants move the Court for an order granting them partial summary judgment in regard to Plaintiff's claim for punitive damages. As grounds for their motion, Defendants claim that Plaintiff has failed to develop any evidence in support of his claim for punitive damages and thus dismissal of Plaintiff's punitive damages claim is warranted.

### I. Standard of Review

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact . . . . " *Id.* When applying this standard, the Court examines the

record and reasonable inferences in the light most favorable to the non-moving party. *Universal Money Ctrs. Inc. v. American Tel. &Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir.1994).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *Universal Money Ctrs., Inc.*, 22 F.3d at 1529. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co*, 475 U.S. at 586. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *Universal Money Ctrs. Inc.,* 22 F.3d at 1529. The mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient to defeat a properly supported motion for summary judgment. *Id.*

## II. Factual Background

Plaintiffs filed this diversity action asserting claims for negligence and negligence per se. This action arises out of an accident that occurred during an elk hunting expedition in the Sacramento Mountains of New Mexico. On September 12, 2000, Plaintiff joined Defendants Hughes and Newell on a elk hunting expedition. Defendants Hughes and Newell were paid guides on this expedition. While on the expedition, Plaintiff was thrown from a mule and sustained injuries. According to Plaintiff, the accident occurred when the mule he was riding was kicked by another mule, causing his mule to bolt off into the wilderness. .

## III. Discussion

In a diversity case, whether punitive damages are warranted is a matter of state law. *Klein v. Grynberg*, 44 F.3d 1497, 1503 (10th Cir. 1995). Under New Mexico law, "[l]iability and the existence of compensatory damages are an adequate basis for punitive damages if there coexists a 'culpable mental state' indivisible from the conduct constituting liability." *Allsup's Convenience Stores, Inc. v. North River Insurance Company*, 127 N.M.1, 19 (1999)(internal citation omitted). To be entitled to punitive damages a plaintiff must prove that defendant's conduct was malicious, willful, reckless, or wanton. See UJI 13-1827 NMRA 2000.

Defendants contend the Court should grant their motion because Plaintiff has failed to present evidence that they acted maliciously, wantonly or recklessly. Defendants claim the accident was an unanticipated, unforeseeable accident. The Court agrees. Although Plaintiff claims there are facts in dispute that would preclude granting summary judgment, the facts Plaintiff disputes are not material to deciding the motion. Plaintiff contends punitive damages are warranted because Defendants Hughes and Newell were aware of a previous incident in which the

mule Plaintiff was riding had "run up against the mule ahead of him." This previous incident, according to Plaintiff, put Defendants on notice regarding the "dangerous propensity" of the mule in question. However, this does not constitute the kind of conduct that would support a claim for punitive damages. Accordingly, Defendants' Motion for Partial Summary Judgment on the Issue of Punitive Damages, filed January 23, 2002 **[Doc. No. 33]**, is GRANTED.

**THEREFORE,**

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment on the Issue of Punitive Damages, filed November 14, 2000 **[Doc. No. 33]** is GRANTED.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**