IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL HARKINS,

       **Plaintiff,**

vs.                                                 No. CIV 01-0293 JHG/RLP

ELITE OUTFITTERS, INC.,
a New Mexico Corporation, and
BRIAN NEWEL and JOHNNY
HUGHES,

       **Defendants.**

## MEMORANDUM OPINION AND O R D E R

**THIS MATTER** is before the Court on Plaintiff's Conditional Motion for Extension of Time to File Post-Judgment Motion and for Expedited Ruling Thereon **[Doc. No. 94]**, filed May 31, 2002, and Plaintiff's Motion and Memorandum in Support of Reconsideration **[Doc. No. 92]**, filed May 30, 2002. Defendants oppose both motions. The Court entered Judgment and dismissed this action with prejudice on May 6, 2002. Plaintiff contends he attempted to file a Motion and Memorandum in Support of Reconsideration on May 16, 2002. Plaintiff filed his motion to reconsider pursuant to Fed.R.Civ.P. 59 and/or 60. However, believing the "packaging" rule applied to this post-judgment motion, the clerk refused to accept the motion for filing. Had the clerk accepted the Motion and Memorandum in Support of Reconsideration on May 16, 2002, the motion would be timely.

Rule 6(b)(2) of the Federal Rules of Civil Procedure provides that a district court may in its discretion grant an extension of time "upon motion made after the expiration of the specified

period . . . where the failure to act was the result of excusable neglect" but that the court "may not extend the time for taking any action under Rules . . . 59(b), (d) and (e)." Fed.R.Civ.P. 6(b)(2). Thus, Rule 6(b)(2) prohibits the Court from granting any extension of time to Plaintiffs. *See also, Collard v. United States*, 10 F.3d 718, 719 (10th Cir. 1993)("Rule 6(b)expressly prohibits a trial court from extending the time to file [a Rule 59(e)] motion.").

Plaintiff also argues the Court should consider the motion timely because it was "served within ten days"after entry of the judgment. Rule 59(e), however, mandates that a "motion to alter or amend a judgment **shall be filed** no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e) (emphasis added). Although Plaintiff served Defendants ten days after entry of the judgment, Plaintiff did not file his motion until May 30, 2002. Consequently, it was not timely filed. Accordingly, the Court will deny Plaintiff's Conditional Motion for Extension of Time to File Post-Judgment Motion and for Expedited Ruling Thereon.

Because Plaintiff filed his motion to reconsider more than ten days after the entry of the judgment, the Court will construe Plaintiff's motion as a motion for relief under Rule 60(b).[1] *See Hatfield v. Board of County Commissioners for Converse County,* 52 F.3d 858, 861 (10th Cir. 1995). Rule 60(b) authorizes the Court to relieve a party from a judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),

---

[1] Plaintiff filed his Notice of Appeal on June 4, 2002. Although the Court lacks jurisdiction to grant the Rule 60(b) motion due to the appeal, the Court is "free to consider the [Rule 6(b)] motion and can "either deny it on the merits", or "notify [the Court of Appeals] of its intention to grant the motion upon proper remand." *Aldrich Enterprises, Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991).

misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b)(1)-(6). Although the Court has discretion to grant relief as justice requires under Rule 60(b), such relief is extraordinary and may only be granted in exceptional circumstances. *Servants of Paraclete v. Does, I-XVI,* 204 F.3d 1005, 1009 (10th Cir. 2000). "It is improper for a court to grant relief under Rule 60(b) if, in doing so, the court simply revisits arguments which had already been raised and dismissed." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991). Nor is it proper to "advance [ ] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed." *Id.* at 1243 (quotation omitted).

Plaintiff failed to specify under which of the enumerated Rule 60(b) grounds he seeks relief. However, it appears that either 60(b)(1) or (6) may be applicable. Plaintiff requests the Court reconsider its Memorandum Opinion and amend or alter its judgment because it did not have the benefit of a recent New Mexico Court of Appeals decision construing the New Mexico Equine Liability Act and which Plaintiff contends "sheds new light on dispositive issues in this case." Relying on *Berlangieri v. Running Elk Corp.,* No. 21,807 (April 9, 2002), Plaintiff makes the following arguments in his motion to reconsider which he claims are contrary to this Court's ruling: (1) the "faulty tack exception" of the Equine Liability Act applies when the tack is not physically defective but simply incorrectly applied; (2) a plaintiff seeking to rely on the faulty tack exception need only show that the faulty tack was a proximate cause not the sole proximate cause

3

of the injuries; (3) the question of the application of the exceptions to immunity in the Equine Liability Act are issues of fact to be determined by the jury; and (4) the release agreement was unenforceable.

To the extent that Plaintiff is arguing mistakes of law, Rule 60(b)(1) provides an avenue for relief under these circumstance only for "obvious errors of law, apparent on the record." *Van Skiver*, 952 F.2d at 1244. The issue concerning whether the release agreement in this case was enforeceable was not before the Court. The other issues do not involve any facially obvious legal errors. Arguments that the Court misapplied the law cannot be the basis for relief under Rule 60(b). *Id.* Finally, Plaintiff has not presented any facts to the Court which would justify the extraordinary equitable relief available under Rule 60(b)(6). Therefore, Plaintiff's Motion and Memorandum in Support of Reconsideration is denied.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiff's Conditional Motion for Extension of Time to File Post-Judgment Motion and for Expedited Ruling Thereon **[Doc. No. 94]** is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Memorandum in Support of Reconsideration **[Doc. 92]** is also DENIED.

JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE